# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **CLINTON STRANGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:18-cv-01071** |
| | ) | **CHIEF JUDGE CRENSHAW** |
| **HEALTHSTREAM, INC., a Tennessee** | ) | |
| **Domestic For-Profit Corporation;** | ) | |
| **TWILIO INC., a Delaware Domestic** | ) | |
| **Corporation; and PHC-MINDEN G.P.,** | ) | |
| **INC., a Louisiana Business Corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Clinton Strange has filed a *pro se* Complaint in this Court, asserting that Defendants HealthStream, Inc., Twilio, Inc., and PHC-Minden G.P., Inc. have violated the Telephone Consumer Protection Act and the laws of three different states. (Doc. No. 1.) On December 7, 2018, the Court entered an Order denying Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs and giving him 28 days to pay the filing fee or to request an extension of time for doing so. (Doc. No. 29.) The same Order notified Plaintiff that "[f]ailure to comply with this Order within the specified time may result in dismissal of this action for failure to prosecute and failure to comply with the court's Order." (Id. at 3.)

Plaintiff's payment of the fee was due no later than January 7, 2019, including three days for service under Rule 6(d) of the Federal Rules of Civil Procedure. More than a week since that date has passed without Plaintiff's submitting the fee or requesting an extension of the time for doing so. Defendants PHC-Minden and Twilio have filed Motions to Dismiss for Failure to Pay

Filing Fee. (Doc. Nos. 30, 31.) Defendant HealthStream has filed a Notice of Joinder with those motions. (Doc. No. 32.)

The Court's inherent authority to dismiss a plaintiff's action for failure to prosecute is expressly recognized in Rule 41(b) of the Federal Rules of Civil Procedure. "This measure is available to the district court as a tool to effect[ively] manage its docket and avoid unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999) (internal quotation marks and citation omitted). Plaintiff received express notice that failure to comply with the Court's order could result in dismissal of this case. No lesser sanction than dismissal without prejudice is warranted under the circumstances.

Accordingly, Defendants' Motions to Dismiss (Doc. Nos. 30, 31) are **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE** under Rule 41(b) of the Federal Rules of Civil Procedure for failure to pay the filing fee and failure to comply with the Court's order.

IT IS SO ORDERED.

This is the final order in this action for purposes of Fed. R. Civ. P. 58.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

2